UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITMAN PIRTO,

    Plaintiff,

v.

Case No. 2:25-cv-966-KCD-DNF

WARDEN OF GLADES COUNTY
DETENTION CENTER, ACTING
DIRECTOR US IMMIGRATION
AND CUSTOMS ENFORCEMENT,

    Defendants.

## ORDER

Petitioner Whitman Pirto has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that ICE is holding him without a bond hearing in violation of the Immigration and Nationality Act, and his continued detention contravenes the Fifth Amendment. (*Id.* at 2.)[2] For the reasons below, the petition is **DENIED**.

### I. Background

Pirto entered the United States in 2024. Important for reasons discussed below, he was apprehended at the border and processed for

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] For ease of reference, the Court cites the page numbers generated by its electronic filing system for all docket entries.

expedited removal. (Doc. 12-1.) After Pirto expressed a credible fear of returning to Venezuela, he was paroled into the United States for one year. *See* 8 U.S.C. § 1182(d)(5)(A) (providing the executive branch discretion to temporarily parole an alien applying for admission to the United States). The parole would "automatically terminate upon [his] departure or removal . . . or at the end of [a] one-year period unless ICE provide[d] an extension at its discretion." (Doc. 12-3 at 2.)

Pirto's parole automatically lapsed after a year. Several months later, ICE apprehended him at a scheduled immigration appointment. (Doc. 1 at 3.) He is now detained at the Glades County Detention Center. (*Id.* at 2.)

## II. Discussion

Pirto's habeas petition raises two claims. First, his detention violates the Immigration and Nationality Act ("INA") because he "is not eligible for a bond hearing before an immigration judge." (Doc. 1 at 3.) Second, his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (*Id.* at 5.) These claims are addressed in turn.

### A. Count I

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the

2

Case 2:25-cv-00966-KCD-DNF   Document 13   Filed 11/13/25   Page 3 of 6 PageID 62

language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Pirto, he is entitled to a bond hearing under § 1226. (Doc. 1 at 3.) And the Government's refusal to provide one "is erroneous [and] violates" the INA. (*Id.* at 1.) This argument runs headlong into the facts. Pirto was apprehended at the border, where he sought admission through asylum. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No.

3

2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Pirto spent time in the United States while on parole—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))); *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country.").

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Pirto's continued detention without a bond hearing cannot be in violation of the INA.

**B. Count II**

Even if Pirto's detention without a bond hearing is authorized by the INA, he argues it violates the Due Process Clause. The Court cannot agree.

4

First, it's not entirely clear that such a claim is available for aliens held under § 1225. *See, e.g.*, *D. A. F. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-79-CDL-MSH, 2020 WL 9460467, at *8 (M.D. Ga. May 8, 2020) ("Some courts have concluded that for arriving aliens due process is whatever procedure has been authorized by Congress."). But even assuming Pitro enjoys due process protections here, they would be transgressed only by "prolonged detention" without a bond hearing. *Moore*, 2019 WL 2152582, at *9. Pirto has been in custody for just over a month. That is far short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at *3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable").

Pirto has not been in custody for a prolonged period or shown that his detention will be indefinite. So his claim under the Due Process Clause also fails. *See, e.g.*, *Tomlinson v. Swartz*, No. 24-24844-CV, 2025 WL 1568213, at *4 (S.D. Fla. Jan. 31, 2025).

### III. Conclusion

Based on the record provided, Pirto's detention does not violate the INA or the Constitution. He is thus not entitled to habeas relief, and the petition

(Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 13, 2025.

Kyle C. Dudek
United States District Judge